## No. 1123.

URIAH MILLSAPS, PRESIDENT OF POLICE JURY OF OUACHITA, vs. MAYOR AND COUNCIL OF MONROE.

37 | 641
51 | 685

A town council and mayor cannot lease from the parish a ferry and bind the corporation to pay the price they have bid for it unless the town-charter specifically authorizes its authorities to do that act. Municipal corporations cannot legally contract debts for imaginary necessities or real conveniences. They are not permitted to exercise powers not specially delegated to them in their charters unless such powers are incident to those expressly granted or flow from them by necessary implication. A debt contracted by a town illegally is not enforceable.

Where a town has been exempted by the legislature from parochial taxation and instead has assumed the payment of a fixed portion of certain detailed expenses of the parish to be furnished the town by the parish officers at stated periods, the right of action of the latter against the former accrues upon the expiration of the delay granted by the Act.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*F. G. Hudson*, District Attorney, for Plaintiff and Appellee:

Municipal corporations are subject to be sued upon their contracts and in tort. Dillon on Municipal Corporations, pp. 749, 750.

They have a right of action to enforce contracts made within the scope of their authority.

An agent contracting without authority binds himself. Hewitt vs. Rondebush, 24 Ann. 254; Richie vs. Boss, 15 Ann. 668; Cooley & Phillips vs. Esteban et als., 26 Ann. 515.

41

Police Jury vs. Mayor and Council.

Nor is the rule changed where the agent acts for his principal *bona fide*, believing that he
   has due authority. Story on Agency, p. 264, et seq.
The rule exempting officers of government from the principle of law making agents who
   exceed their authority personally responsible, does not apply to officers of a municipal
   corporation capable of making contracts for itself and are liable to be sued thereon.  23
   Pick. 120; 28 Ala. 507; 11 R. S. 272.

*T. Stillman*, City Attorney, for Defendants and Appellants.

The opinion of the Court was delivered by

MANNING, J.    The police jury of Ouachita parish sues the corpora-
tion of Monroe for one-fourth of certain expenses of the parish, and for
the price of a ferry-lease adjudicated to the mayor of the town for
1882–5 inclusive.

The ferry connects Monroe with the opposite bank of the river.    The
bid for four years was twenty three hundred dollars—$575 per annum.
Payment is resisted on the ground that the corporation of Monroe was
and is without authority to lease a ferry and to incur any obligation
therefor.

The powers of the corporation are specifically enumerated in its
charter.  Act 102 of 1871.  They are those usually contained in such
charters and do not include the power to lease a ferry either expressly
or by implication, nor is that power incident to those expressly granted.
It follows that the council cannot bind the town to the payment of a
debt it had no authority to contract, and those who deal with a munici-
pal corporation must know at their peril whether it can legally con-
tract or not.  Dillon Munic. Corp. §§ 372, 381; Lisso vs. Red River, 29
Ann. 492.  Courts have uniformly held such bodies within the orbits
marked for them in their legislative charts and no imaginary neces-
sities nor real conveniences are permitted to be supplied by the public
purse.  They fulfill the purposes of their creation when they exercise
the powers conferred upon them and nothing beyond is permitted
unless it comes within the limitations that jurisprudence has attached
to those powers.

The judgment below was for the plaintiff on this lease and must be
reversed.

The plaintiff prays a judgment against the mayor personally in the
event we refuse it against the corporation.  He assumed no personal
obligation—did not pretend to buy the lease for himself or to act in
any other capacity than as representative of the town, nor did the
plaintiff accept his bid and execute the lease to him personally and
therefore cannot recover of him.

On the other branch of the case it appears that by the amended charter of the town, Sess. Acts 1873 No. 81, all property in Monroe and all persons and occupations therein were exempted from parochial taxation and instead assumed the payment ot all criminal expenses in cases originating in it. This proved unsatisfactory and in 1876 was changed so as to put on the town one-fourth of the parish expenses for "drawing and summoning jurors, *per diem* and mileage of jurors, for summoning witnesses before grand juries, for repairs on public buildings for parish, for books for parish officers, for registration and election, and for salary of the district attorney *pro tem*."

The Act then provides, No. 57 of 1876, sec 2. "That it shall be the duty of the President and Clerk of the Police Jury of Ouachita parish, semi-annually and within ten days after the first of January and July of each year, to make out and certify under oath a statement in detail of all expenses on account of the items stated in the foregoing section, and which have been settled and liquidated by the parish within the six months next immediately preceding the said statement, which said detailed statement shall by the said President and clerk be delivered to the Mayor of Monroe."

"Sec. 3. That it shall be the duty of the Mayor and Council of Monroe, and they are hereby required to pay over to the Parish Treasurer for the Parish of Ouachita, in currency or certificate of indebtness of the parish, one-fourth in amount of the expenses liquidated and shown by the said statement required by this act; and for any delay after the thirty days shall have expired the Parish shall have the right to demand and recover interest on the sum shown to be due by the City of Monroe at the rate of eight per cent per annum, as well as the principal sum," etc.

The president and clerk of the police jury made and certified under oath the statements required by this Act for the last half of 1882 and the whole of 1883 amounting to $1,101.81 and presented them to the town authorities in January and July for payment. Payment was not made nor was it refused. There was no money in the treasury, and that was the reason given for non-payment on the instant, but no item was disputed and no objection was made to the charges either for their objects or amounts. Payments had been made semi annually up to this time. The parish waited until July 1884 and then brought this suit for the three semi-annual statements already mentioned and for $107.55, interest upon a statement for 1881 which had been paid in principal in March 1884.

Disposing of this last item at once the evidence shews that the payment was made and receipt in full given without any charge or mention of interest. None was demanded at the time the principal was paid and it seems to be an afterthought to demand it now. It was improperly allowed.

Various objections to the items of the detailed statements are made in this suit for the first time. It may be doubted whether the acceptance of the statements without objection on their presentation within the time fixed by the Act did not preclude any subsequent objection. However this may be, we find they are untenable. For example, the court-house had burnt and a building had been rented for that purpose. Repairs of it had been made and the objection to that item was that it was not a public building of the parish. It was a public building *pro hac vice.* So again, the item for attendance of the sheriff upon the courts. It is said his attendance may have been on a civil term and the petition bases the right of recovery upon the obligation to pay a certain proportion of the *criminal* expenses of the parish. The draughtsman of the petition misconceived the purport and terms of the statute. Several expenses are therein provided for that are in no sense criminal expenses, but the statement of the sums demanded item by item cures any defect in that allegation if it was of sufficient moment to prevent recovery without it. There was no need to make any further demand than that made or implied by the delivery of the detailed statements at the time and in the manner set forth in the Act.

The lower court gave judgment for the three semi-annual statements with interest upon each and we shall affirm it.

It is therefore ordered and decreed that the judgment below is amended in this wise, that the part of it in which judgment is given for the amount of the three statements of parochial expenses with interest is affirmed and the residue is reversed and judgment is now rendered in favor of the defendant on the other items, the plaintiff and appellee paying the costs of appeal.

FENNER, J. not being present at the argument takes no part.